UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CHRISTOPHER TODD UPTON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:12-CV-295-CLC-HBG |
| ) | |
| BFNL, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Withdraw [Doc. 133], filed by Attorney Stuart F. James. Mr. James moves the Court to permit him to withdraw as counsel for Defendant R&R Electric, Inc., and Defendant Gerald Reese. The record does not show Mr. Reese ever being served with process in this case, and thus, the Court will treat the motion as a motion to withdraw as counsel for R&R Electric alone. In support of this request, Mr. James represents that Mr. Reese was the owner of R&R Electric. Mr. James states that during the pendency of this case Mr. Reese has died, and a suggestion of death has been filed in the record, [Doc. 9]. Mr. James states that R&R Electric has no assets and is no longer in existence.

No party has responded in opposition to the Motion to Withdraw, and the time for doing so has expired, see E.D. Tenn. L.R. 7.1. The Court may treat the lack of timely opposition as acquiescence to the relief sought. See E.D. Tenn. L.R. 7.2.

Local Rule 83.4 governs requests to withdraw as counsel in the Eastern District of Tennessee. Local Rule 83.4 sets forth certain requirements for withdrawal of counsel and adds:

"If the client is a corporation or other artificial person or legal entity created by statute that may only appear in court through counsel, the Court, absent extraordinary circumstances, shall not allow the attorney to withdraw until the client has obtained substitute counsel." E.D. Tenn. L.R. 83.4(f).

As an initial matter, the Court finds that Mr. James has substantially complied with the requirements of Rule 83.4, with one exception: he has not provided an address for R&R Electric. The Court finds that the death of Mr. Reese and the apparent dissolution of R&R Electric constitute extraordinary circumstances under which the Court should permit Mr. James to withdraw as counsel. In the absence of a corporate resolution of dissolution, the Court finds that it is appropriate to **ORDER** Mr. James to: (1) to mail a copy of this Memorandum and Order to R&R Electric's last-known address; and (2) to file a notice in CM/ECF certifying that this mailing has been sent and stating the last-known addresses of R&R Electric.

Accordingly, the Motion to Withdraw **[Doc. 33]** is **GRANTED**, and upon completion of the above tasks, Mr. James will be fully **RELIEVED** of his duties as counsel in this case. The Clerk of Court is **DIRECTED** to designate R&R Electric as proceeding *pro se* in the record and to enter the address used in the summons [Doc. 7] as R&R Electric's address.[1] If Mr. James's notice of mailing provides a different address for R&R Electric, the Clerk of Court is **DIRECTED** to update the address in the record.

At this time, R&R Electric remains a party to this case. R&R Electric is hereby **ADMONISHED** that – so long as it is a party to this suit – it must stay up to date on the status of this case and comply with the deadlines set by the Court. Further, R&R Electric, like any

---

[1] The summons that was served upon R&R Electric was mailed to Linda Reese, rather than Mr. Reese. Thus, it appears that Ms. Reese could potentially be operating R&R Electric or continuing to accept mail on behalf of the entity.

2

other party, will be expected to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders.

**IT IS SO ORDERED**.

ENTER:

_____
United States Magistrate Judge